UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MAURICE CHAPMAN, SR.,
    Petitioner,

vs.

STATE OF OHIO,
    Respondent.

Case No. 1:16-cv-896

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Allen Correctional Institution, has filed a pro se petition for writ of habeas corpus challenging his 2010 Hamilton County, Ohio convictions and sentence. (Doc. 1). On September 20, 2016, the undersigned issued an Order for petitioner to show cause why his petition, the third filed in this Court challenging his state court convictions and sentence, should not be transferred to the Sixth Circuit Court of Appeals as a successive petition. (Doc. 5). Petitioner has filed a "motion to amend and grant writ of habeas corpus, and not transfer" in response to the Order. (Doc. 6). For the reasons that follow, the Court finds that petitioner's motion should be denied and this matter should be transferred to the Sixth Circuit.

As noted above, this is not the first habeas corpus petition filed by petitioner in this Court. On September 30, 2011, petitioner filed his first habeas petition. *See Chapman v. Warden*, Case No. 1:11-cv-560 (S.D. Ohio Sept. 30, 2011) (Bertelsman, J.; Merz, M.J.) (Doc. 4). Petitioner claimed he was entitled to habeas relief based on claims of racial bias, ineffective assistance of counsel, and prosecutorial misconduct, among others.[1] This Court denied the petition after concluding that petitioner's grounds for relief were without merit or procedurally defaulted. (*See id.* at Docs. 16, 20, 24).

---

[1] Petitioner also claimed that the evidence was insufficient to support his conviction, he was not present at his arraignment, and his right to a speedy trial was violated. (*See id.. See also* Doc. 20).

On May 14, 2014, petitioner filed a second habeas corpus petition. *See Chapman v. Warden*, Case No. 1:14-cv-398 (S.D. Ohio May 14, 2014) (Dlott, J.; Litkovitz, M.J.). Therein, petitioner raised the following four grounds for relief:

1. Racial discrimination in grand jury selection.
2. Perjured testimony to the grand jury by the state's two principal witnesses.
3. Constitutionally defective and fatally flawed indictment.
4. Ineffective assistance of counsel (trial and appeal).

(*Id.*). On October 28, 2014, the Court transferred the petition to the Sixth Circuit Court of Appeals on the ground that the petition was successive under 28 U.S.C. § 2244(b). (*See id.*, Doc. 13, 18). On March 20, 2015, the Sixth Circuit denied petitioner's application for authorization to file a second or successive petition, finding that the petition raised claims that were or could have been raised in his initial petition. (*Id.*, Doc. 19).

In the instant petition, petitioner raises five grounds for relief:

1. Constitutional violations of the Fifth, Sixth, Eighth, Ninth, Tenth, Thirteenth and Fourteenth Amendments of the United States Constitution.

2. Violations of Ohio Revised Code § 2941.25; Constitutionally and Fatally flawed indictment.

3. Ineffective assistance of trial and appellate counsel for allowing petitioner's rights to be violated knowingly and willfully.

4. Trial court knowingly and willfully violating the rights of petitioner; Arraignment procedures.

5. Court of Appeals for the First District Appellate Court not upholding the law; protecting the rights of petitioner, and going against cases they ruled righteously in favor of in order to commit a great miscarriage of justice.

(Doc. 1, at PageID 2–3).

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2) (emphasis added).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.*

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Courts have held that a later petition is not successive where the first petition was dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder,* 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey,* 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

In contrast, when a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal qualifies as a decision "on the merits." In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998). Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief. *See, e.g.,*

4

*McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to the Sixth Circuit as a successive petition).[2]

The Supreme Court has held that a habeas corpus petition is not successive and, therefore, § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *See Magwood v. Patterson,* 561 U.S. 320, 331-39 (2010). Although the *Magwood* Court expressly declined to address whether the petitioner is allowed to challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" in the subsequent application, *see id.* at 342 (emphasis in original), the Sixth Circuit has recently held that "a new judgment" entered following an intervening proceeding, such as resentencing, "permits the inmate to challenge the original conviction," as well as the intervening new judgment, "without clearing the second-or-successive hurdles." *King v. Morgan,* 807 F.3d 154, 159 (6th Cir. 2015), *reversing,* No. 1:12cv2000, 2013 WL 5531365 (N.D. Ohio Sept. 26, 2013); *see also In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016).

After reviewing the petition and petitioner's response to the September 20, 2016 show cause order, the undersigned is convinced that petitioner has not satisfied the jurisdictional standards set forth in § 2244(b), which would permit this Court to review the instant petition. In the response opposing transfer, petitioner first argues that the Court has given this habeas corpus

---

[2] *Contrast Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, . . . is not the equivalent of a successive habeas petition").

action a case number that is already assigned to a different case. (Doc. 6 at PageID 81). Petitioner claims case number 1:16-cv-896 was already assigned to *Barajas v. United States*. However, petitioner appears to refer to a case out of the Eastern District of California, which has no bearing on whether or not petitioner's petition is successive under section 2244. *See Barajas v. United States*, Case No. 1:16-cv-0896, 2016 WL 4721481, at *1 (E.D. Cal. Sept. 8, 2016).

Petitioner also contends that he has raised new claims in the petition. However, contrary to petitioner's position, the petition and response include recitations of arguments petitioner has raised in his prior petition, including racial bias in the jury, a flawed indictment, allegations of perjured testimony, petitioner's claim that he was not present at his arraignment, and ineffective assistance of counsel. (*See* Doc. 1 at PageID 6–15; Doc. 6). Although petitioner claims he has raised new claims in this action, even if the Court could construe petitioner's claims as new, petitioner has not shown that any such claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or that the factual bases for the new claims could not have been discovered previously through the exercise of due diligence, and such facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offenses. 28 U.S.C. § 2244(b)(2).

Finally, petitioner contends that the prior dismissal of his petition was not on the merits because his first petition was dismissed in part due to procedural default in the state courts. (*See* Doc. 6 at PageID 83). However, as noted above, when a prior petition is dismissed due to a procedural default in the state court, the dismissal qualifies as a dismissal on the merits. *In re Cook,* 215 F.3d at 608.

6

Therefore, the undersigned concludes that petitioner's pro se petition for a writ of habeas corpus is "successive" within the meaning of § 2244(b) because petitioner's September 30, 2011 habeas petition was adjudicated on the merits and petitioner is not contesting any "new judgment" in this proceeding.[3] Moreover, to the extent that petitioner has posited new claims for relief in the instant petition, which were not asserted in his prior habeas petitions, the claims are successive under 28 U.S.C. § 2244(b)(2) because (1) petitioner has not shown they rely on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (2) that the factual bases for the new claims could not have been discovered previously through the exercise of due diligence, and such facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offenses.

Accordingly, in sum, because the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at

---

[3] Therefore, this case does not involve any intervening "new judgment" that falls within the exception recognized in *King, In re Stansell* and *Magwood* for bypassing the requirements governing second or successive petitions that is set forth in 28 U.S.C. § 2244(b).

7

*2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.). Therefore, it is **RECOMMENDED** that the instant petition be transferred to the Sixth Circuit for review and determination whether the district court should be granted authorization to entertain it. Petitioner's pending motion to amend (Doc. 6) should be denied.

### IT IS THEREFORE RECOMMENDED THAT:

1. Because this Court lacks jurisdiction in this matter involving a successive habeas petition within the meaning of 28 U.S.C. § 2244(b), petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **TRANSFERRED** to the Sixth Circuit for further proceedings as required under 28 U.S.C. § 2244(b)(3).

2. Petitioner's "motion to amend and grant writ of habeas corpus, and not transfer" (Doc. 6) be **DENIED**.

Date: 2/17/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MAURICE CHAPMAN, SR.,
    Petitioner,

vs.

STATE OF OHIO,
    Respondent.

Case No. 1:16-cv-896

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).