UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MAURICE CHAPMAN, SR.,

    Petitioner,

v.

STATE OF OHIO,

    Respondent.

Case No. 1:16cv896

District Judge Michael R. Barrett
Magistrate Judge Karen Litkovitz

## OPINION AND ORDER

This matter is before the Court on the February 17, 2017 Report and Recommendation ("R&R") of the Magistrate Judge, which recommends transferring Petitioner's writ of habeas corpus to the Sixth Circuit for further proceedings and denying Petitioner's "motion to amend and grant writ of habeas corpus, and not transfer." (Doc. 7). Petitioner filed a Motion for Extension of Time to File Response/Reply to Report and Recommendation (Doc. 8), which the Magistrate Judge granted. (Doc. 9). On March 20, 2017, Petitioner filed his Objection.[1] (Doc. 10).

### I.    PROCEDURAL BACKGROUND/FACTS

Petitioner brings the instant pro se petition for writ of habeas corpus challenging his 2010 Hamilton County, Ohio convictions and sentence. In recommending his Petition be transferred to the Sixth Circuit, the Magistrate Judge concluded that the instant Petition was a successive petition pursuant to 28 U.S.C. § 2244(b) and thus, this Court lacked jurisdiction to consider it without authorization from the Sixth Circuit. 28 U.S.C. § 2244(b)(3). The Magistrate Judge

---

[1] The extension made Petitioner's objections due on Friday, March 17, 2017. Petitioner's Objection was not entered by the Clerk's office until Monday, March 20, 2017. However, the Certificate of Service indicates that his objections were sent by regular mail on March 13, 2017. Accordingly, Petitioner's objections are deemed timely pursuant to the prison mailbox rule. *See e.g. Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

explained that prior to the instant Petition, Petitioner had already filed two habeas corpus petitions – in September 2011 and May 2014, respectively. Because the Petition in this case includes recitations of the same arguments raised in his prior petitions, the Magistrate Judge concluded that Petitioner had not satisfied the requirements set forth in 28 U.S.C. § 2244(b) necessary for this Court to review his Petition.[2]

While Petitioner's Objection was pending, the Sixth Circuit ruled on the authorization issue. (Doc. 11). In denying Petitioner's motion for authorization to file a second or successive § 2254 petition, the Court found he had failed to make a prima facie showing that the proposed petition relied on a new rule or constitutional law, and he failed to present new evidence of his actual innocence. (Id. at PageID 106). Accordingly, all that is left for the undersigned to review is any properly raised objections with respect to Petitioner's request his Petition not be transferred to the Sixth Circuit, as the Court does not have jurisdiction to review a successive petition.

## II.    STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

---

[2] A petition is deemed not successive where prior dispositions are not "on the merits." *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**III.    ANALYSIS**

Petitioner's objections are nearly indiscernible. First, he "seeks authorization to argue that the district court violated his constitutional rights to due process and other constitutional law," and asks the Court to authorize the filing of a successive § 2255 motion. (Doc. 10, PageID 98). He concedes that he "may pursue a successive § 2255 motion in the district court only if this Court first authorizes it." (Id). As noted above, this is not for the undersigned to decide, and indeed, the Sixth Circuit has already decided this issue in the negative. Thus, to the extent Petitioner raises any objections regarding authorization to file a successive habeas corpus petition, they are **OVERRULED**.

Petitioner then seems to argue this is not a successive habeas petition. (Doc. 10, PageID 99). He appears to rehash some of the grounds for relief raised in his prior habeas corpus petitions. For example, he argues "[t]he Magistrate Judge failed to address the fact that [Petitioner's] due process rights were violated when he was denied assistance of counsel of both trial and appellate counsel." (Id). He also raises once again the issue racial bias in the jury. (Id. at PageID 100). Despite his contention to the contrary, however, the Magistrate Judge did address these claims, finding that they had already been raised in his prior petition. Thus, she properly concluded that Petitioner had not raised new claims in this action pursuant to 28 U.S.C. § 2244(b)(2). Accordingly, Petitioner's objections on this point are **OVERRULED**.

To the extent Petitioner raises any additional objections, the Court finds they are insufficient to direct the Court's attention to any particular issues contained in the R&R and thus, they are without merit. *See Howard*, 932 F.2d at 509.

## IV. CONCLUSION

Consistent with the foregoing, Petitioner's Objections (Doc. 10) are **OVERRULED** and the Magistrate Judge's R&R (Doc. 7) is **ADOPTED** in its entirety. Accordingly, it is hereby **ORDERED** that Petitioner's "motion to amend and grant writ of habeas corpus, and not transfer" (Doc. 6) is **DENIED**. Thus, pursuant to the Sixth Circuit's Order denying Petitioner's motion for authorization to file a second or successive § 2254 petition (Doc. 11), this matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED**.

 s/*Michael R. Barrett*  
Michael R. Barrett, Judge  
United States District Court